UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA L. OGDEN,

    Plaintiff,

v.                                                Case No. 1:16-cv-1289
                                                Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff alleged a disability onset date of March 30, 2012. PageID.255. Plaintiff identified her disabling conditions as: migraine headaches; asthma; and diabetes. PageID.359. Prior to filing her application, plaintiff completed one year of college and had past employment as a machine operator in a factory, a groundskeeper at a campground, a CNA at a nursing home, and a home helper. PageID.260. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on April 17, 2015. PageID.51-59. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

3

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since March 30, 2012 (her alleged onset date) and that she met the insured status requirements of the Act through March 31, 2016. PageID.53. At the second step, the ALJ found that plaintiff has the following severe impairments: headaches, diabetes, asthma, and fibromyalgia. PageID.53. At the third step, the ALJ found that, through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.55.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: [t]he claimant can lift or carry 20 pounds occasionally and ten pounds frequently. In an eight-hour work day, the claimant can sit, stand or walk all for at least six hours. She is limited to only occasional climbing of ladders, ropes or scaffolds; can frequently stoop, kneel, crouch, crawl, or squat; can do frequent handling or fingering with either hand; must avoid concentrated exposure to fumes, odors, dusts, gases, or other respiratory irritants; and is limited to occasional exposure to extreme cold or heat, or humidity.

PageID.56. The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.57.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light exertional jobs in the national economy. PageID.58-59. Specifically, the ALJ found that plaintiff could perform the following unskilled work in the national economy: cashier (1,000,000 jobs); counter clerk (200,000 jobs); and small products assembler (181,000

4

jobs). PageID.58. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from March 30, 2012 (the alleged onset date) through April 17, 2015 (the date of the decision). PageID.59.

### III. DISCUSSION

Plaintiff raised three issues on appeal:

**A. Whether the Residual Functional Capacity (RFC) assessment adopted by the ALJ is supported by substantial evidence in the record.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). The record reflects that plaintiff's claim involved limitations due to migraine headaches, headaches, diabetes, fibromyalgia, and asthma. In this regard, the ALJ's decision recounted plaintiff's testimony at the hearing that she has migraines, diabetes and fibromyalgia and noted that "the medical record establishes that claimant has headaches, diabetes, asthma and fibromyalgia." PageID.56-57, 80-86, 96-97. The gist of plaintiff's claim is that the RFC determination is flawed because the ALJ failed to discuss her pain management treatment related to cervical disc disease, depression, and obesity.

**1. Cervical disc disease**

Plaintiff did not complain of any particular restrictions related to a diagnosis of cervical disc disease. At the hearing, plaintiff's representative referred plaintiff to a report in which "they used a term cervicogenic headaches" in reference to plaintiff's condition. PageID.98-99.

Plaintiff described the headaches as occurring in the left part of the forehead and originating from "a big large bump in the back of my neck," with the headaches lasting "[p]retty much all day long." PageID.99-101. Contrary to plaintiff's contention, the ALJ's decision addressed plaintiff's medical history related to the headaches, including treatment for mild degenerative disc disease. This included treatment by Alex Janusz, D.O., who noted that plaintiff "could achieve nearly full extension and flexion of the neck and was slightly limited on rotation and side bending," that an MRI of the cervical spine performed in August 2013 "revealed no evidence of acute osseous or soft tissue abnormality of the cervical spine, normal cervical spine cord and imaged brainstem, and mild degenerative disc disease at C5-C6 and C6-C76 with no more than mild to moderate central canal stenosis," and that plaintiff was treated with medication and a cervical epidural steroid injection. PageID.54. Plaintiff was treated at a pain management clinic from January through October 2014, where her treatment included a cervical epidural steroid injection and left occipital nerve block. PageID.54. Plaintiff was referred to a neurologist, John Wald, M.D., who examined her on January 13, 2015. PageID.54. At that time, plaintiff reported moderate to severe headaches intermittently and mild headaches once in a while. PageID.54. Dr. Wald reported that plaintiff had normal neck, cardiovascular, vascular, back/spine, extremity and neurological examinations. PageID.54. In summary, the ALJ addressed plaintiff's cervical disc disease to the extent it was relevant to her claim of disabling headaches. Accordingly, this claim of error should be denied.

    2.    **Depression**

The ALJ considered plaintiff's claim of depression at length and concluded that the impairment was non-severe. PageID.55. Nevertheless, an ALJ's RFC evaluation should include

restrictions from non-severe impairments which limit the claimant's ability. *See Garcia v. Commissioner of Social Security*, 105 F. Supp. 3d 805, 811 (S.D. Ohio 2015) ("the ALJ is required to consider the limiting effects of all impairments — including limitations resulting from non-severe impairments — when determining the claimant's RFC at Steps Four and Five"). Here, the ALJ noted that plaintiff's mental impairments were minimal, e.g., she was able to follow complex commands, performed household chores, drove, went to the library twice a week to use the Internet, and had no problems with understanding, coherency, concentrating, talking or answering the phone when dealing with the Field Office employee. PageID.55. While consulative examiner Craig S. Brown, Ed. D., found that plaintiff had an "Other Specified Depressive Disorder" and an "Other Specified Anxiety Disorder," that "[s]he is reporting chronic low levels of depression and anxiety," that she is prescribed Prozac, the doctor minimized the effect of these conditions, stating "I suspect her physical health may limit her ability to work more than does her mental health." PageID.437. Based on this record, substantial evidence supports the ALJ's determination that plaintiff's RFC was not affected by her mild depression. Accordingly, this claim of error should be denied.

    3.    **Obesity**

Plaintiff did not claim that she was obese or that obesity contributed to her alleged disability. Nevertheless, "an ALJ must consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Shilo v. Commissioner of Social Security*, 600 Fed. Appx. 956, 959 (6th Cir. 2015). An ALJ is not required to use any particular mode of analysis in assessing the effect of obesity, and "does not need to make specific mention of obesity if he credits an expert's report that considers obesity." *Bledsoe v. Barnhart*, 165 Fed. Appx. 408,

411-12 (6th Cir. 2006). Here, the ALJ considered the effects of plaintiff's obesity by crediting the report of Samer ElFallal, D.O., which explicitly considered her obesity. Dr. ElFallal examined plaintiff on January 29, 2014, for evaluation of a history of asthma and diabetes mellitus. PageID.441. During the course of the evaluation, the doctor found that plaintiff was obese, giving her weight as 206 pounds. PageID.442. In his decision, the ALJ noted that Dr. ElFallal "reported the claimant had normal gait and station, and was able to ambulate without the use of any assistive devices" and that "the claimant was able to bend forward, squat, and heel and toe walk without any difficulty, and straight leg raise test did not elicit pain bilaterally in both the seated and supine positions." PageID.57. In summary, the issue of plaintiff's obesity was not presented as a basis for her disability claim nor did plaintiff present any testimony or medical evidence establishing limitations caused by obesity. Nevertheless, the ALJ addressed plaintiff's obesity as considered by Dr. ElFallal. Accordingly, this claim of error should be denied.

> **B.    Whether improper weight was given to Disability Determination Services ("DDS") consultant Dr. Duana Kuiper, M.D.'s opinion in the Commissioner's determination that plaintiff is not disabled.**

Plaintiff contends that the ALJ improperly based the RFC on the February 12, 2014 opinion of a non-examining DDS physician Dr. Kuiper, even though Dr. Kuiper did not have access to 400 pages of notes related to her condition at that time. The ALJ's RFC included the same exertional and postural limitations as set forth in Dr. Kuiper's report and some of the environmental factors. PageID.124-125. While Dr. Kuiper found that plaintiff should avoid work involving concentrated exposure to extreme heat or cold, and moderate exposure to humidity, fumes, odors, dusts, gases, and poor ventilation (PageID.124-125), the ALJ found that plaintiff

"must avoid concentrated exposure to fumes, odors, dusts, gases, or other respiratory irritants; and is limited to occasional exposure to extreme cold or heat, or humidity" (PageID.56).

Contrary to plaintiff's claim, Dr. Kuiper's opinion should not be rejected simply because more evidence was submitted after the date of the opinion.

> There will always be a gap between the time the agency experts review the record and give their opinion with respect to the Listing and the time the hearing decision is issued. Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand.

*Kelly v. Commissioner of Social Security*, 314 Fed. Appx. 827, 831 (6th Cir. 2009) (quoting magistrate judge's reasoning that the evidence submitted after the state agency assessment did not fatally undermine the accuracy of that assessment.).

In this regard, the ALJ stated:

> I assign significant weight to the February 2014 functional capacity assessment of Disability Determination Services (DDS) physician Duane Kuiper, M.D. finding that claimant capable of a range of light work that is generally consistent with the residual functional capacity adopted herein (Exhibit 1 A/7-9). I also concur in, and adopt, the finding of DDS psychologist Leonard Balunas, Ph.D. that the claimant does not have a severe mental impairment (*id.* at 6), given the lack of any evidence of prior mental health treatment. No treating or examining physician has offered an opinion that the claimant is totally disabled, or has greater [*sic*] than those delineated in the above residual functional capacity.

PageID.57.

Here, plaintiff has not made "a clear showing that the new evidence renders the prior opinion untenable." It is undisputed that plaintiff had examinations and treatments after Dr. Kuiper reviewed her records in February 2014. However, as the ALJ pointed out, "[n]o treating or examining physician has offered an opinion that the claimant is totally disabled, or has greater [limitations] than those delineated in the above residual functional capacity." Accordingly, plaintiff's claim of error should be denied.

9

## C. Whether plaintiff's subjective pain complaints were properly assessed.

Finally, plaintiff contends that the ALJ erred in determining that her reports of pain and limitations were not credible. An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

The ALJ evaluated plaintiff's credibility in pertinent part as follows:

> The claimant testified she has migraines, diabetes and fibromyalgia. She reported she has two strong migraines per week that last 12 to 24 hours. The claimant testified her migraines began when she was 15 years old and are worse now. She indicated she has been on an insulin pump since May. The claimant testified she has hand pain and it is very difficult for her to open jars and lids. She reported she can walk less than a half block, stand for eight minutes, sit for one hour and lift ten pounds. The claimant testified her

husband helps with the meals and cleaning. She stated she goes to the grocery store with her husband. The claimant testified she and her husband drove to Texas two years ago, indicating they stopped and stretched frequently during the trip. She also testified she has interrupted sleep at night.

After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible, for the reasons explained in this decision.

The claimant's allegations of disability are based primarily on the effects of migraine headaches, which would purportedly interfere with ability to comply with the attendance requirements of competitive employment. However, the claimant conceded that she has been getting headaches since age 15 (although they have allegedly become worse recently), but the record indicates she has been able to maintain regular employment for significant periods in the past. Moreover, the medical evidence of record fails to support the claimant's allegations that her headaches occur with sufficient frequency or intensity to result in work-preclusive limitations. The claimant left her last job as a nurse assistant due to broken ankle (since healed), not due to effect of headaches, and a [*sic*] MRI of her brain was negative. In addition, the medical record also contains [*sic*] of past medical noncompliance. The medical evidence fails to demonstrate the claimant's other impairments result in limitations that are work preclusive, or that cannot be accommodated by the restrictions included in the above residual functional capacity.

\* \* \*

The medical record establishes the claimant has headaches, diabetes, asthma and fibromyalgia. However, in January 2014, examiner Dr. ElFallal reported the claimant had normal gait and station, and was able to ambulate without the use of any assistive devices. He indicated the claimant was able to bend forward, squat, and heel and toe walk without any difficulty, and straight leg raise test did not elicit pain bilaterally in both the seated and supine positions. Dr. ElFallal reported the claimant had no end organ damage, normal neurological exam and no myelopathic signs (Exhibit 6F). In January 2015, the claimant reported she was a health club member. Dr. Wald reported the claimant had normal neck, cardiovascular, vascular, back/spine, extremity and neurological examinations (Exhibit 14F). The claimant testified she does laundry, prepares meals, sweeps, goes grocery shopping, uses a smartphone, goes to the library to use the Internet twice per week and drives.

PageID.56-57.

The ALJ's decision that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible is supported by substantial evidence. There is no compelling reason for the Court to disturb the ALJ's credibility determination. *Smith*, 307 F.3d at 379. Accordingly, plaintiff's claim of error should denied.

## IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.

Dated: November 29, 2017 /s/ RAY KENT
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).